**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | **No. 09-CR-4048-DEO** |
| Plaintiff, | |
| v. | **ORDER REGARDING REPORT & RECOMMENDATION** |
| RUBEN OLIVARES-RODRIGUEZ, | |
| Defendant. | |

_____

Before the Court is the "Report and Recommendation on Motion to Suppress" (Report) issued by Chief United States Magistrate Judge Paul A. Zoss. Docket No. 59. In his Report, Judge Zoss recommends that Olivares's Motion to Suppress (Docket No. 27) be denied. Olivares filed timely objections, and this Court presided over a hearing concerning the matter on May 6, 2010. Upon a de novo review of the record, the Court is persuaded that the findings, conclusions, and resulting recommendation set forth in the Report are correct.

The Report is detailed and thorough, so very little will be added. A grand jury returned an indictment against Olivares on September 17, 2009, charging him with possession of powder cocaine with intent to distribute. Docket No. 2. Olivares's indictment arose from the discovery of approximately four ounces of powder cocaine in the cargo area of his 2000 Ford Expedition on August 27, 2009, following an

otherwise routine traffic stop performed by Sergeant Jim Bauerly of the Woodbury County Sheriff's Department. Bauerly initiated the stop after noticing that Olivares's driver side mirror was broken and his windshield was cracked. After learning Olivares's license was suspended, Bauerly placed him under arrest. Bauerly then prepared to walk his K-9 unit — a German Shepard named Bosco — around Olivares's vehicle. As the Report provides,

> a video camera in Bauerly's patrol car recorded the scene as Bosco went around and into Olivares's car. Bauerly stated Bosco is a very intelligent, high-energy dog who works quickly. When Bosco approached the vehicle, he almost immediately jumped up against the back bumper, gave a quick scratch, and jumped down. He then jumped up and down several more times. Bauerly understood Bosco's actions to be an indication that the dog had caught a drug odor. Bauerly then took Bosco around the car. On the first pass, Bosco jumped up and scratched at the driver's side door handle, which Bauerly took as an indication. The second time around the vehicle, Bosco whined and jumped up just behind the passenger's door. He then sat down, whined, and jumped up again. Bauerly took these actions to be an indication on that area of the vehicle.
> 
> Bauerly believed Bosco had indicated three times on the vehicle, giving him probable cause for a further search. He opened the rear of the vehicle and directed Bosco to jump inside. Before the tailgate was even all the way open, Bosco was jumping excitedly and trying to stick his

2

> head inside the vehicle. It was a windy day and the driver's window was down, which Bauerly stated will cause odors to swirl around inside the vehicle. Bosco almost immediately went toward the front of the vehicle, which worried Bauerly because the vehicle was parked alongside a busy highway. Because he feared Bosco might attempt to jump out the open window, Bauerly opened the driver's side door to retrieve the dog. Bosco had picked up something in his mouth from the rear of the truck, and Bauerly directed him to drop the object. Then he took Bosco out through the driver's door, around to the back of the vehicle again, and had him jump back into the vehicle. Bosco searched for a few seconds, biting at an object, and then biting at a boot that was in the back of the vehicle. Bauerly reached into the boot and discovered a quantity of powder cocaine inside. He praised Bosco and put the dog away.

Docket No. 59 at 4-5. Olivares was then taken to jail, given Miranda warnings, and questioned. He admitted he intended to deliver the cocaine and that he had previously delivered cocaine in Sioux City. Olivares moved to suppress the cocaine discovered during the stop and his subsequent statements, arguing Sergeant Bauerly lacked probable cause to search his vehicle. Chief Magistrate Zoss presided over a Hearing concerning the matter on March 12, 2010, and March 18, 2010.

As provided in the Report, "[t]he Eighth Circuit Court of Appeals has held that if a drug detection dog is found to be

reliable, then the 'dog's positive indication alone is enough to establish probable cause for the presence of a controlled substance.'" Docket No. 59 at 8 (quoting <u>United States v. Olivera-Mendez</u>, 484 F.3d 505, 512 (8th Cir. 2007). At the hearings, the Government introduced evidence concerning the K-9-assisted search of Olivares's vehicle and the reliability of Bosco, and based on this evidence Chief Magistrate Zoss found in his Report that "Bosco is a reliable drug detection dog, and he indicated on Olivares's vehicle and on the boot containing the drugs without cuing from Bauerly." <u>Id.</u> at 9. Judge Zoss deemed unpersuasive Olivares's contrary evidence, which suggested Bosco is not reliable and did not indicate on his vehicle. <u>Id.</u> Finally, Judge Zoss found that "Bauerly reasonably believed that Bosco indicated on the car, giving him probable cause to search the vehicle." <u>Id.</u> (citing <u>Illinois v. Gates</u>, 462 U.S. 213, 238 (1983)). "For these reasons," Judge Zoss recommended "that Olivares's motion to suppress be **denied**." <u>Id.</u> at 10.

Again, following a de novo review of the record, the Court is persuaded that the findings, conclusions, and resulting recommendation set forth in the Report and summarized above are correct.

4

**IT IS THEREFORE HEREBY ORDERED** that this Court accepts Chief Magistrate Judge Zoss's Report and Recommendation (Docket No. 59). Olivares's Motion to Suppress (Docket No. 27) is therefore **DENIED**.

**IT IS SO ORDERED** this 3rd day of June, 2010.

                                               */s/ Donald E. O'Brien*
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa