# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. RUBEN OLIVARES-RODRIGUEZ, Defendant. | No. CR09-4048-DEO<br><br>**REPORT AND RECOMMENDATION ON MOTION TO DISMISS** |

This matter is before the court on plaintiff's motion to dismiss defendant's petition for writ of error coram nobis (Doc. No. 119). Defendant did not file a resistance. The motion was referred to the undersigned pursuant to 28 U.S.C. § 636(b) and is fully submitted.

## *Background*

Ruben Olivares-Rodriguez was indicted by the grand jury of the United States District Court of the Northern District of Iowa for possession of a controlled substance with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C). He entered a guilty plea on July 2, 2010, and was sentenced on October 5, 2010, to the United States Bureau of Prisons for 36 months imprisonment and three years of supervised release. (Doc. No. 94). Mr. Olivares-Rodriguez is a legal permanent resident in the United States.

Mr. Olivares-Rodriguez appealed and the Eighth Circuit Court of Appeals affirmed the judgment of the district court on April 7, 2011. (Doc. Nos. 110, 111). His petition for rehearing en banc and rehearing by the panel was denied on June 2, 2011. (Doc. No. 112). Mandate issued on June 10, 2011, and no petition for writ of certiorari was filed.

Mr. Olivares-Rodriguez filed a petition for writ of error coram nobis on July 12, 2012. (Doc. No. 116). He states that he is currently detained at the South Texas Detention Center, Pearsall, Frio County, Texas by the Department of Homeland Security, Immigration and Customs Enforcement, Detention and Removal Division. (Doc. No. 116 at 1). He was released from Bureau of Prisons custody on April 25, 2012, and remains on supervised release until April 25, 2015. (Doc. No. 119 at 4). Mr. Olivares-Rodriguez seeks to have his conviction vacated alleging ineffective assistance of counsel. He alleges that he received ineffective assistance of counsel because his appointed counsel did not advise him of the consequences of a guilty plea to his immigration status as required by *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010).

*Analysis*

The writ of error coram nobis is available "only where the petitioner has completed his [or her] sentence and is no longer in federal custody, is serving a sentence for a subsequent state conviction, or has not begun serving the federal sentence under attack." *Zabel v. U.S. Attorney*, 829 F.2d 15, 17 (8th Cir. 1987) (quoting *United States v. Little*, 608 F.2d 296, 299 n. 5 (8th Cir. 1979)). The writ was "designed only to correct errors 'of the most fundamental character.'" *Gajewski v. United States*, 368 F.2d 533, 534 (8th Cir. 1966) (quoting *United States v. Morgan*, 346 U.S. 502, 510 (1954)). This is distinguished from a writ of habeas corpus, which is available for a petitioner "in custody . . . in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. The remedies under section 2255 and coram nobis are considered "substantially equivalent." *Little*, 608 F.2d at 299 n.5.

The Government argues Mr. Olivares-Rodriguez's coram nobis petition is procedurally barred and should be dismissed because he is still considered "in custody" while under supervised release. The Government is correct. *See United States v. Queen*, 90 F. App'x 197, 198 (8th Cir. 2004) (citing *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999) (prisoner on supervised release is "in custody" for

purposes of filing § 2255 motion)). However, this does not necessarily mean Mr. Olivares-Rodriguez's petition must be dismissed.

Because the remedies under both writs are "substantially equivalent," the Eighth Circuit has held that district courts may construe a pleading originally filed as a petition for writ of error coram nobis as a 28 U.S.C. § 2255 motion. *See Little*, 608 F.2d at 299; *Zabel*, 829 F.2d at 17 ("Contrary to appellant's argument that his pleadings constituted a petition for writ of error coram nobis, the district court properly construed his pleading as a 28 U.S.C. § 2255 petition."). "It is clear that a federal District Court is not bound by the label attached to the remedy pursued, but rather a duty exists to exercise jurisdiction on the basis of the factual circumstances involved." *Burns v. U.S.*, 321 F.2d 893, 896 (8th Cir. 1963) (citing *United States v. Morgan*, 346 U.S. 502, 505-10 (1953)).

Mr. Olivares-Rodriguez alleges errors that are appropriately considered under 28 U.S.C. § 2255 and the remedy he seeks is consistent with a federal habeas motion. He filed his motion within the one-year statute of limitations required under section 2255. As such, his petition for writ of error coram nobis will be considered a motion to vacate, set aside, or correct his federal sentence under 28 U.S.C. § 2255.

## *Conclusion*

For the foregoing reasons, IT IS RESPECTFULLY RECOMMENDED as follows:

(1) Plaintiff's motion to dismiss defendant's petition for writ of error of coram nobis (Doc. No. 119) is **denied.**

(2) Defendant's petition will be re-filed by the clerk's office as a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 that will be deemed to have been filed on July 12, 2012.

(3) Defendant must supplement his motion by filing Form AO 243—Motion to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody, which

is available through the court's website.  This must be filed by **November 30, 2012.**

Objections to this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) must be filed within fourteen (14) days of the service of this Report and Recommendation.  Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections.  See Fed. R. Civ. P. 72.  Responses to objections must be filed within fourteen (14) days of the service of objections.

**IT IS SO ORDERED.**

**DATED** this 2nd day of October, 2012.

_____
LEONARD T. STRAND
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA